IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
April 9, 2019 Session

## MATTHEW LANGE ET AL. v. BETTY JO SULLIVAN ET AL.

**Appeal from the Chancery Court for Carroll County**
**No. 2016-CV-161   Carma Dennis McGee, Chancellor**

———————————————————

### No. W2018-01218-COA-R3-CV

———————————————————

Appellee's father, decedent, died testate. Decedent's will devised real property to Appellee in fee simple but also gave Appellants the right to use the house and curtilage for so long as Appellants' did not abandon the property for a period of ninety consecutive days. The trial court held that decedent's will gave Appellants a "license" to use the property—a holding that the parties do not appeal. On Appellee's complaint for declaratory judgment, the trial court ordered Appellants to pay the mortgage debt, real estate taxes, maintenance, and insurance on the property. Appellants appeal raising the sole question of whether they should be responsible for the mortgage on the property. We hold that, as licensees, Appellants cannot be charged with the mortgage debt. Accordingly, we reverse the trial court's order as to its holding that Appellants are responsible for the mortgage payments. The trial court's order is otherwise affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Reversed in Part, Affirmed in Part, and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which JOHN W. MCCLARTY and ARNOLD B. GOLDIN, JJ., joined.

Terry J. Leonard, Camden, Tennessee, for the appellants, Betty Jo Sullivan, and Jonathan Sullivan.

Dewayne D. Maddox, III, Huntingdon, Tennessee, for the appellee, Matthew Lange.

### OPINION

### I. Background

John Wesley Lange ("Decedent") died testate on July 13, 2014. Decedent's son, Appellee Matthew Lange, was named Executor in the Decedent's will. At the time of his death, Decedent had a paramour, Betty Jo Sullivan. Ms. Sullivan and her son, Jonathan Sullivan, are the Appellants. Decedent's will was admitted to probate in Carroll County on July 17, 2014. As is relevant to this appeal, the will provides:

> SIXTH: I hereby specifically give, devise, and bequeath my real property located at 14905 Highway 70, Huntingdon, Tennessee . . . to my son, Matthew Lange, to be his subject to the rights of Betty Jo Sullivan and Jonathan Sullivan to reside in the home on my property until such time as they abandon that right by failing to reside in the same for a period of 90 days consecutive or they voluntarily relinquish said rights.

At the time of Decedent's death, the Highway 70 property (the "Property") was encumbered by a mortgage of approximately $27,000.00. There is no proof that either Appellant was a party to the mortgage contract.

On January 9, 2015, Appellants filed a complaint for will construction against Appellee seeking interpretation/clarification of paragraph six of Decedent's will, *supra..* The trial court heard the complaint on April 8, 2016. By order of June 7, 2016, the trial court found

> that the parties, by and through their respective attorneys, announced that the [Appellants] retain the right to live in and occupy the house, driveway and curtilage [of the Property] . . . subject to conditions subsequent,[1] namely, until such [] time as they abandon that right by failing to reside in the same for a period of ninety (90) days consecutive . . . .
>
> THE COURT FINDS that the parties stated in open Court that the parties having acknowledged, stipulated and agreed upon [Appellants'] rights and that the question for the Court is whether the conditions subsequent have been violated.
>
> IT IS, THEREFORE, ORDERED that based upon the testimony elicited, the [Appellants] have not voluntarily violated the conditions subsequent as is set forth in paragraph six of the Last Will and Testament of John Lange.
>
> IT IS FURTHER ORDERED that the [Appellants] shall . . . retain the right to live, occupy and reside in the residence . . . .

---

[1] The Property, as a whole, is comprised of the house and several acres. We glean from the record that the trial court interpreted the language of paragraph six of the Decedent's will to allow Appellants use of the house, driveway, and "curtilage." The question of the amount and location of the curtilage was ultimately sent to a special master, and this issue is not before us on appeal.

None of the parties appeal the foregoing portions of the trial court's ruling.

On August 26, 2016, Mr. Lange filed a Petition for Declaratory Judgment, seeking the court's guidance on various issues including who would be responsible for the mortgage, taxes, insurance, and maintenance on the Property. According to the petition, the Property was encumbered by a mortgage in favor of FirstBank, and the mortgage became "due in full on January 26, 2017."

On April 6, 2017, Mr. Lange filed a motion to terminate seeking to remove Appellants from the Property. This motion and the petition for declaratory judgment were consolidated for hearing on August 21, 2017. Following that hearing, the trial court entered a letter ruling on October 3, 2017. In its ruling the trial court clarified that, in its June 7, 2016 order, *supra*, it "held that the Sullivans have a **license** to reside on said property . . ." (emphasis added). Concerning Appellee's motion to terminate, the trial court's ruled that Mr. Lange "has not proven that the Sullivans have failed to use the property as a residence or vacated the residence for a period of ninety consecutive days since the entry of the Order on June 7, 2016 . . . ." Concerning Appellee's petition for declaratory judgment, the trial court's ruling states, in pertinent part, that Appellants: (1) "shall be liable for all mortgage payments on the property for as long as they continue to exercise their right to use [same];" (2) "shall be liable for all real estate taxes and assessments for as long as they continue to exercise their right to use [the Property];" (3)"shall be liable for all maintenance and upkeep on the residence and real property . . .;" and (4) "shall be required to continuously maintain insurance on the contents and liability insurance on the [P]roperty for as long as they continue to exercise their right to use [same]." The trial court entered an order regarding the petition for declaratory judgment on November 3, 2017 and entered an order regarding the motion to terminate on November 28, 2017.

On November 30, 2017, Appellants filed a motion to alter or amend, or, in the alternative, motion for new trial, wherein they asked the trial court to revisit its decision that Appellants are liable for the mortgage payments on the Property. The parties did not raise any issue concerning the trial court's holdings as to the taxes, insurance, and maintenance on the Property. On June 11, 2018, the trial court entered an order denying Appellants' motion as to the mortgage obligation. Appellants appeal.

## II. Issue

Appellants present one issue:

Whether the trial court erred in ordering Betty Jo Sullivan and Jonathan Sullivan to be liable for all mortgage payments on the property for as long as they continue to exercise their right to use the Highway 70 property as a residence.

## III. Standard of Review

This case was tried without a jury. Accordingly, we review the findings of fact made by the trial court *de novo*, with a presumption of correctness unless the preponderance of the evidence is to the contrary. Tenn. R. App. P. 13(d). The trial court's conclusions of law, however, are reviewed *de novo* and "are accorded no presumption of correctness." ***Brunswick Acceptance Co., LLC v. MEJ, LLC***, 292 S.W.3d 638, 642 (Tenn. 2008).

## IV. Analysis

We reiterate that none of the parties appeal the trial court's holdings that: (1) the Appellants have not abandonment the Property; (2) Appellants are licensees; or (3) Appellants are responsible for the taxes, insurance, and maintenance on the Property. The sole issue before this Court is whether Appellants, as licensees, can be held responsible for the mortgage on the Property. We conclude that they cannot.

"A 'license,' with respect to real estate, is an authority to do a particular act or series of acts on another's land without possessing any estate therein." ***Barksdale v. Marcum***, 7 Tenn. App. 697, 708, *perm. app. denied* (Tenn. July 14, 1928). It "is generally revocable at the will of the licensor." ***Id.*** As the ***Barksdale*** Court pointed out, a license generally does not create an interest in land. Indeed, since the ***Barksdale*** Court adopted its definition of a license, Tennessee Courts have uniformly held that licenses create no interest in real property. ***Lee Highway & Associates. L.P. v. Pryor Bacon Co., Inc.***, No. 03A01-9507-CV-00237, 1995 WL 619941, at *3 (Tenn. Ct. App. Oct. 19, 1995) ("As the ***Barksdale*** Court pointed out, a license generally does not create an interest in land"); ***Williams v. Starace***, No. 85-162-II, 1985 WL 4074, n. 5 (Tenn. Ct. App. Oct. 29, 1985) ("Other courts have held that a license creates no estate in land and generally is not considered an interest in real property") (citations omitted).

As licensees, under Decedent's will, Appellants hold no estate in the Property. They have no right to lease the Property, or to sell their present interest in same; they also have no right or authority to encumber the Property with a mortgage. While a licensee may be required to pay a fee for the privilege of use of property, we find no cases in Tennessee where a licensee has been charged with the mortgage debt on the property. Concerning the mortgage that existed on the Property at the time the Appellants' licensure vested, i.e., when Decedent died, we glean from the record that the mortgage encumbered the entire Property; however, it is undisputed that Appellants right to use of the Property extends only to the house, driveway, and curtilage. Nonetheless, the trial court ordered Appellants to pay the entire mortgage. Aside from being inequitable, there is nothing in the record to suggest that either Appellant was privy to the mortgage contract, or was a personal guarantor thereon. Accordingly, Appellants cannot be held to pay the mortgage debt on the Property.

As a point of clarification, we reiterate that Appellants have not appealed the trial court's order as to the requirements that Appellants pay the real estate taxes, insurance, and maintenance on the Property. As such, our holding that Appellants are not liable for the mortgage does not disturb the trial court's other holdings.

## V. Conclusion

For the foregoing reasons, we reverse the trial court's order as to its holding that Appellants are responsible for the mortgage on the Property. The trial court's order is otherwise affirmed, and the case is remanded for such further proceedings as may be necessary and are consistent with the opinion. Costs of the appeal are assessed one-half to the Appellants, Betty Jo Sullivan and Jonathan Sullivan, and one-half to the Appellee, Matthew Lange, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE